UNITED STATES DISTRICT COURT                    **(ECF)**
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
VICTOR KOLTUN,                          : 13 Civ. 1612 (PAC) (JCF)
                                        :
          Plaintiff,                    :       REPORT AND
                                        :       RECOMMENDATION
     - against -                        :
                                        :
JEFFREY BERRY, B. HAROLD RAMSEY,   :
AARON WEAVER, THOMAS NAFFY, JOSEPH :
CORTES, RUDY SIMMONS, MICHAEL      :
FERRARA, JOSEPH D'AMICO, FRANCIS D.:
PHILLIPS II, GARRY COOPER, JAMES   :
WINSLOW and PAUL BRITE, in their   :
individual and official capacities,:
                                        :
          Defendants.                   :
- - - - - - - - - - - - - - - - - -:
TO THE HONORABLE PAUL A. CROTTY, U.S.D.J.:

     The pro se plaintiff, Victor Koltun, brings this action
pursuant to 42 U.S.C. §§ 1983 and 1985(3), alleging that the
Honorable Jeffery G. Berry and the Honorable B. Harold Ramsey
conspired with other state actors to subject him to malicious
prosecution.  Because these two defendants are entitled to absolute
judicial immunity, I recommend that the claims against them be
dismissed sua sponte.

Background

     On November 4, 2010, police officers from the Newburgh Police
Department found the bodies of Frank Piscopo and Gerald Piscopo at
12 Liberty Street in Newburgh, New York; the men had been shot
execution-style.  (Decision and Order After Hearing in People v.

1

Koltun, No. 2010-778 (Orange County Ct. Oct. 18, 2010)("Oct. 18 Decision"), attached as Exh. C to Declaration of Carol C. Pierce dated June 7, 2013 ("Pierce Decl.") at 2).[1]  Two days later, after examining documents found on Frank Piscopo's body as well as his phone records, the police officers brought Mr. Koltun to a New York State Police facility where they questioned him about his activities on the day of the murder.  (Oct. 18 Decision at 3). After a few hours, the plaintiff asked to be taken home, and two hours later he placed a call to his attorney, Bruce Wenger.  (Oct. 18 Decision at 3).  Mr. Koltun returned home later that evening. (Oct. 18 Decision at 4).

Three days later, two detectives interviewed a driver who stated that he drove Mr. Koltun and two other men from New York City to 12 Liberty Street in Newburgh and to several other nearby locations on the date of the murder.  (Oct. 18 Decision at 4).  On November 16, 2010, and November 18, 2010, an investigator for the New York State Police showed a photo array to two individuals who identified Mr. Koltun as someone they had seen at locations near the murder, corroborating the driver's statements.  (Oct. 18 Decision at 4-5).  On December 1, 2010, the plaintiff was arrested

---

[1] The pages of the October 18 Decision are not numbered, so I refer to the page numbers generated by the Case Management/Electronic Case Filing (CM/ECF) system.

(Oct. 18 Decision at 5), and Judge B. Harold Ramsey, a Newburgh City Judge, arraigned him (Affidavit of Victor Koltun Regarding B. Harold Ramsey dated March 5, 2013 ("Koltun Aff. re Ramsey") attached to Complaint ("Compl."), ¶ 2).

The plaintiff was indicted, and on April 25, 2011, Judge Jeffery G. Berry, the county judge presiding in the criminal case (Affidavit of Victor Koltun Regarding Jeffery G. Berry dated March 5, 2013 ("Koltun Aff. re Berry") attached to Compl., ¶ 2), decided an omnibus motion filed on behalf of Mr. Koltun, denying several applications and granting others (Decision and Order in People v. Koltun, No. 2010-778 (Orange County Ct. April 25, 2011), attached as Exh. B to Pierce Decl.). On October 18, 2011, Judge Berry ruled on several other motions after a seven-day hearing. (Oct. 18 Decision at 2). He granted a motion to suppress some statements Mr. Koltun made to police on November 6, but denied two other motions to suppress oral statements, as well as a motion to suppress the witnesses' identification of Mr. Koltun. (Oct. 18 Decision at 6-7). Finally, Judge Berry denied a motion to suppress the cell phone found on Mr. Koltun when he was arrested. (Oct. 18 Decision at 7).

On March 5, 2013, Mr. Koltun commenced this against Judge Berry and Judge Ramsey, as well as several police officers, the district attorney, and his own attorneys. (Compl., ¶ 1(B)). The

complaint and the accompanying affidavits allege that Judge Berry violated the plaintiff's civil rights by not dismissing the indictment. (Koltun Aff. re Berry, ¶ 2(E)). The plaintiff further alleges that Judge Ramsey violated his civil rights in the process of arraigning him. (Koltun Aff. re Ramsey, ¶ 2(F)).

In a letter dated May 23, 2013, the plaintiff requested assistance from this Court in serving the summons and complaint on Judge Berry and Judge Ramsey. (Letter of Victor Koltun dated May 23, 2013).

Discussion

A. Judicial Immunity

A court may dismiss sua sponte any action, including an action where the plaintiff has paid the filing fee, if the case is patently meritless. Hudson v. Acker, No. 12 Civ. 5548, 2012 WL 5359538, at *1 (S.D.N.Y. Nov. 1, 2012) (citing Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2000), and Pillay v. Immigration and Naturalization Service, 45 F.3d 14, 17 (2d Cir. 1995))(dismissing sua sponte claims against a judge under doctrine of judicial immunity). In particular, a claim may be dismissed sua sponte if the defendant is entitled to judicial immunity. See e.g. Miller v. County of Nassau, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006).

Judicial immunity provides judges the liberty to decide cases

4

without fear of consequence. <u>Pierson v. Ray</u>, 386 U.S. 547, 554, (1967). Even a judge who acts erroneously or with malice is entitled to immunity. <u>Papadopoulos v. Amaker</u>, No. 12 CV 3608, 2013 WL 3226757 at *3 (E.D.N.Y. June 25, 2013) (citing <u>Mireles v. Waco</u>, 502 U.S. 9, 11, 13 (1991)). Significantly, Congress did not abrogate judicial immunity when it enacted section 1983, which provides a cause of action for constitutional violations. <u>Pierson</u>, 386 U.S. at 554-55. Because judicial immunity is absolute, it provides immunity from suit, not just from damages. <u>Mireles</u>, 502 U.S. at 11.

There are, however, two exceptions to judicial immunity: a judge acting in a non-judicial role or in absence of all jurisdiction is not entitled to immunity. <u>Id.</u> at 11-12. Judicial immunity, then, is premised on the function performed by the defendant, not merely on the defendant's title. <u>Forrest v. White</u>, 484 U.S. 219, 229 (1988)(holding that judge not immune for firing court employee because termination was undertaken as administrative function). As long as a judge is performing a judicial function, he "will be held liable only when []he acts in the clear absence of all jurisdiction." <u>Fisch v. Consulate General of Republic of Poland</u>, Nos. 11 Civ. 4182, 11 Civ. 4183, 2011 WL 3847398 (S.D.N.Y. Aug. 30, 2011)(citing <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978)).

1. <u>Judge Ramsey</u>

The plaintiff alleges that Judge Ramsey violated his civil rights by arraigning him rather than releasing him outright. (Koltun Aff. re Ramsey, ¶ 2). Judge Ramsey acted in his judicial capacity when he conducted the arraignment proceeding. Furthermore, he was acting within his jurisdiction since New York State law provides for presentation of the defendant in a local criminal court following an arrest. <u>See</u> N.Y. Crim. Pro. Law §§ 120.90, 140.20. Therefore, neither of the two exceptions to judicial immunity applies, and the claims against Judge Ramsey should be dismissed.

2. <u>Judge Berry</u>

The plaintiff asserts that Judge Berry violated his rights by denying motions that would have prevented the criminal case from moving forward. However, it was within Judge Berry's jurisdiction to preside over a criminal case, and he was plainly performing a judicial function in deciding the motions. Accordingly, the claims against Judge Berry should likewise be dismissed.

B. <u>Leave to Amend</u>

The Second Circuit has held that a <u>pro se</u> litigant should be afforded at least one opportunity to "amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an

amended complaint would succeed in stating a claim." <u>Gomez v. USAA Federal Savings Bank</u>, 171 F.3d 794, 796 (2d Cir. 1999)(per curiam); <u>see also</u> <u>Branum v. Clark</u>, 927 F.2d 698, 705 (2d Cir. 1991)(same). Mr. Koltun could not successfully amend his complaint against Judge Berry and Judge Ramsay because their actions in connection with this case are plainly protected by judicial immunity, based on the plaintiff's own allegations.

<u>Conclusion</u>

For the reasons set forth above, I recommend that the complaint be dismissed as to defendants Jeffery G. Berry and B. Harold Ramsay.  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Paul A. Crotty, Room 735, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.  Failure to file timely objections will preclude appellate review.

7

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           July 19, 2013

Copies mailed this date to:

Victor Koltun
2285 Bragg St.
Apt. #4E
Brooklyn, NY 11229

Douglas S. Langholz, Esq.
Morgan Melhuish Abrutyn
39 Broadway, Suite 1701
New York, NY 10006

David Lewis Posner
McCabe & Mack LLP
63 Washington Street, P.O. Box 509
Poughkeepsie, NY 12602

Ronald W. Weiner, Esq.
Steinberg & Cavaliere, LLP
50 Main St., Suite 501
White Plains, NY 10606

Carol C. Pierce, Esq.
Senior Assistant County Attorney
15 Matthews St., Suite 305
Goshen, NY 10924