UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
VICTOR KOLTUN,                                              :
:
               Plaintiff,                            :
:
    -against-                                               :    13 Civ. 1612 (PAC) (JCF)
:
JEFFREY BERRY, B. HAROLD RAMSEY,                            :    **ORDER ADOPTING REPORTS**
AARON WEAVER, THOMAS NAFFY,                                 :    **& RECOMMENDATIONS**
JOSEPH CORTES, RUDY SIMMONS,                                :
MICHAEL FERRARA, JOSEPH D'AMICO,                            :
FRANCIS D. PHILLIPS II, GARRY                               :
COOPER, JAMES WINSLOW and PAUL                              :
BRITE, in their individual and official                     :
capacities,                                                 :
:
               Defendants.                           :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 21, 2014

HONORABLE PAUL A. CROTTY, United States District Judge:

    *Pro se* Plaintiff Victor Koltun brings claims under 42 U.S.C. §§ 1983 and 1985, alleging that almost everyone (judges, police officers, prosecutors, and defense attorneys) violated his constitutional rights.[1] Magistrate Judge James C. Francis IV issued three Reports and Recommendations ("R&Rs") recommending dismissal of all claims, with leave to amend only as to the false arrest and supervisory liability claims. Upon consideration of the R&Rs and Koltun's objections, the Court adopts the R&Rs in their entirety.

---

[1] Koltun commenced this action before his criminal trial began. According to public news reports, a jury in Orange County Court convicted Koltun on Februrary 10, 2014 of two counts of murder and related charges, and he was subsequently sentenced to "two consecutive sentences of life in prison without parole, plus two consecutive sentences of 8 1/3 to 25 years." Heather Yakin, "Rabbi Victor Koltun Convicted of Murder," *Times Herald-Record*, Feb. 11, 2014, *available at* http://www.recordonline.com/apps/pbcs.dll/article?AID=/20140211/NEWS/402110332; Heather Yakin, "Life in Prison for Rabbi Victor Koltun," *Times Herald-Record*, Mar. 12, 2014, *available at* http://www.recordonline.com/apps/pbcs.dll/article?AID=/20140312/NEWS/140319890.

## BACKGROUND

**I.    Koltun's Complaint**

Koltun claims that Defendants violated his constitutional rights during the investigation of two homicides and the subsequent criminal proceedings against him. The Defendants fall into four categories: (1) Judges Jeffrey Berry and B. Harold Ramsey (the "Judicial Defendants"); (2) Newburgh Police Officers Aaron Weaver, Thomas Naffy, Joseph Cortes, and Michael Ferrara, and New York State Police Officers Rudy Simmons and Joseph D'Amico (the "Law Enforcement Defendants"); (3) Francis D. Phillips II and Garry Cooper of the Orange County District Attorney's office (the "OCDA Defendants"); and (4) James Winslow and Paul Brite (the "Defense Counsel Defendants").

Koltun states that he is an "ultra-orthodox Jewish person and a 'Rabbi.'"[2] Koltun alleges that when the Law Enforcement Defendants arrived at his house on Saturday, November 6, 2010 to question him about two murders, he told them that he did not want to speak with them without first consulting his attorney, but he could not call his attorney on the Sabbath. He alleges that the Law Enforcement Defendants then "applied psychological pressure" and "lured" him to the police station, where they attempted to coerce a confession.

Newburgh police arrested Koltun on December 1, 2010, and Newburgh City Judge B. Harold Ramsey arraigned him. Koltun was charged with, *inter alia*, two counts of murder in the first degree under New York Penal Law § 125.27. Koltun alleges that during a subsequent grand jury presentation and other proceedings, Weaver, Naffy, Cortes, and Simmons perjured themselves when testifying against him. He also alleges that the OCDA Defendants used illegally obtained evidence to prosecute him. He asserts that his questioning, his arrest, and the alleged grand jury perjury were motivated by anti-Semitic animus. In addition, he claims that

---

[2] Koltun states his allegations in separate affidavits for each defendant, but the allegations are substantially identical.

Judge Ramsey violated his civil rights by arraigning him and setting bail, rather than releasing him outright.

Koltun also alleges that the Defense Counsel Defendants, who were court-appointed attorneys, failed to effectively represent him in the criminal action against him, acted in concert with the other Defendants, were negligent, and committed legal malpractice. Finally, he alleges that Judge Jeffrey G. Berry, the Orange County judge who presided in his criminal case, violated his rights by denying his pre-trial motions.

## II.     Procedural History and Magistrate Judge Francis's R&Rs

All Defendants except Judge Berry and Judge Ramsey moved to dismiss Koltun's claims. On June 28, 2013, Koltun filed an Affirmation requesting additional time to respond to the OCDA Defendants' and Defense Counsel Defendants' motions to dismiss, along with other applications for relief. On July 9, 2013, Magistrate Judge Francis denied Koltun's request for additional time to respond because it was untimely. Nonetheless, the Affirmation itself contained a response to the motions, and the Magistrate Judge indicated that he would consider it. (*See* Dkt. No. 58). Magistrate Judge Francis denied all other applications as lacking merit.

On July 19, 2013, Magistrate Judge Francis issued two R&Rs. The first recommends that the Court grant the motions to dismiss Koltun's claims against the Defense Counsel Defendants and the OCDA Defendants in their entirety. The second recommends *sua sponte* dismissal of Koltun's claims against the Judicial Defendants. On October 25, 2013, Magistrate Judge Francis issued a third R&R, recommending that the Court grant the Law Enforcement Defendants' motions to dismiss. More specifically, the three R&Rs recommend as follows:

| Category of Defendants | Recommendations and Rationale |
|---|---|
| Defense Counsel Defendants | 1. The § 1983 claims should be dismissed because the defendants did not act "under color of state law." <br><br> 2. The conspiracy claim under 42 U.S.C. § 1985 should be dismissed because the relevant allegations are too vague and conclusory to state a claim. <br><br> 3. The Court should decline to exercise jurisdiction over Koltun's remaining state-law claims. |
| OCDA Defendants | 1. The claims should be dismissed because the defendants are entitled to absolute immunity and because the claims are otherwise barred by the Eleventh Amendment. <br><br> 2. The Court should also deny Koltun's request that his state-court proceedings be enjoined. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (holding that federal courts should generally abstain from enjoining state-court criminal proceedings). Koltun's allegation that the OCDA Defendants allowed the police to question him on the Sabbath is insufficient to plead a "bad faith" exception. |
| Judicial Defendants | 1. The claims should be dismissed *sua sponte* under the doctrine of judicial immunity because the defendants acted in their judicial capacity and within their jurisdiction. |
| Law Enforcement Defendants | 1. The claims should be dismissed because they are barred by the Eleventh Amendment, the *Rooker-Feldman* doctrine, official immunity, or otherwise fail to plausibly state a claim for relief. <br><br> 2. In light of Koltun's *pro se* status, he should be given leave to amend his false arrest and associated supervisory liability claims. |

### III. Koltun's Objections

Koltun objected to the R&Rs. Construing them to raise the strongest arguments they suggest, the Court interprets them to contend that Magistrate Judge Francis is biased and engaged in collusive conduct with the Defendants. In particular, Koltun asserts that Magistrate Judge Francis denied him equal access to the courts in violation of Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–117, by denying his requests for extensions to respond to

4

Defendants' motions to dismiss, when he suffered from various medical ailments. Koltun also generally asserts that Magistrate Judge Francis was biased and partial and accordingly should be disqualified pursuant to 28 U.S.C. § 455.

Koltun further objects to the R&Rs by reasserting and recharacterizing his allegations that his constitutional rights were violated.

## **DISCUSSION**

I.  **Standard of Review**

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party makes a timely written objection, the district court must review the contested issues *de novo*. *See Arista Records LLC v. Doe*, 604 F.3d 110, 116 (2d Cir. 2010) ("[A]ny part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."). "However, where a party does not submit a timely objection, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Martinson v. United States Parole Comm'n*, No. 02-CV-4913, 2005 WL 1309054, at *3 (S.D.N.Y. June 1, 2005).

"To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id*.

**II.     Analysis**

The Court has reviewed and considered the R&Rs and Koltun's objections thereto.  Upon *de novo* review of Koltun's objections regarding Magistrate Judge Francis's purported bias and partiality, the objections are entirely without merit.  Koltun's only basis for alleging "bias" or "bad faith" appears to be that the R&Rs disagree with Koltun's position.  Disagreement with a judge's rulings, however, is clearly insufficient to succeed on a recusal motion.  Indeed, such disagreement provides no basis to challenge the distinguished Magistrate Judge's recommendations here.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Chevron Corp. v. Donziger*, 783 F. Supp. 2d 713, 723 (S.D.N.Y. 2011) ("Disagreement or dissatisfaction with the Court's rulings is not enough . . . .").  There is no partiality or bias here, including the denial of Koltun's untimely requests for extensions of time to file formal responses to the motions to dismiss.  To the extent Magistrate Judge Francis considered the substantive arguments that Koltun made in those requests and found them to be without merit, the Court agrees.

Koltun's remaining "objections" to the R&Rs simply restate or recharacterize the allegations and claims that Magistrate Judge Francis considered and rejected or are otherwise stated as bare conclusions.[3]  The following is a representative example of Koltun's conclusory assertions:

> [Magistrate Judge Francis] deliberately overlooked . . . that [defendants] are not shielded by "Qualified Immunity", as a doctrine to provide immunity to government officials acting under "Color of State Law", in performance of discretionary functions, from civil damages liability, in so far as to extent of [defendants], is not justified as aforesaid defendants conduct violated plaintiffs constitutional and/or civil rights, as government officials acting under "Color of State Law", in performance of government officials duties.

---

[3] Koltun submitted objection letters for each of the three R&Rs.  Each objection letter is nearly identical, and to the extent they are different, the latest objection letter dated November 5, 2013 is the most comprehensive and incorporates the objections of the prior two.

(11/5/13 Ltr. at 39.) In light of the conclusory nature of Koltun's purported objections, the Court reviews the R&Rs with respect to these objections for clear error and finds none. *See Pinkney*, 2008 WL 2811816, at *1. Moreover, the R&Rs are thorough and well reasoned and withstand scrutiny under *de novo* review in all respects.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Magistrate Judge Francis's three R&Rs in their entirety. Accordingly, the Court DISMISSES Plaintiff's claims and grants Plaintiff leave to amend his Complaint only with respect to his false arrest and associated supervisory liability claims. Plaintiff has until Monday, April 21, 2014 to file the Amended Complaint. The reference to Magistrate Judge Francis is continued. The Clerk of Court is directed to terminate all pending motions in this case.

Dated: New York, New York
      March 21, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

Victor Koltun
2285 Bragg Street Apt. #4E
Brooklyn, NY 11229